UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>    Plaintiff,<br><br>v.<br><br>LAURA ELDRIDGE, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-01061-JDP (PC)<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>  (1) FILE A THIRD AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 14<br><br>SIXTY-DAY DEADLINE |

    Plaintiff Shaun Darnell Garland is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's last complaint was dismissed with leave to amend for failure to state a cognizable claim. ECF No. 8. He has filed a second amended complaint, which I must screen. ECF No. 14. The second amended complaint contains two unrelated claims. First, plaintiff alleges that defendant C. Flores has interfered with his familial visits as part of an attempt to coerce him into "debriefing." *Id.* at 3. Second, plaintiff alleges that new California Department of Corrections and Rehabilitation ("CDCR") grievance procedures violate his due process rights. *Id.* at 5-6. The amended complaint does not, for the reasons

below, state a cognizable claim. Plaintiff will be given one more opportunity to amend his complaint before I recommend that it be dismissed.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

In his first claim, plaintiff alleges that defendant C. Flores, a CDCR investigator, is attempting to coerce him into gang "debriefing" by interfering with his familial visits. ECF No. 14 at 3-4. He describes several incidents occurring between 2016 and 2018 in which Flores either curtailed, delayed, or cancelled visits by his family members at different CDCR facilities. *Id.* Even if these separate instances of interference were appropriate to litigate together, inmates do not have a due process right to family visits. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460-61 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence and therefore is not independently protected by the Due Process Clause.") (internal citations and quotation marks omitted); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1113 (9th Cir. 1986) (holding that denial of contact visitation is not infliction of pain and does not violate the Eighth Amendment). Neither has plaintiff stated a cognizable First Amendment claim; he has not alleged that Flores retaliated against him for exercising his constitutional rights or engaging in protected activity. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) ("A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline.").

Plaintiff's second claim is also non-cognizable. He alleges that the CDCR's new grievance system violates his due process rights. ECF No. 14 at 5. Inmates have no entitlement to a specific grievance procedure and no liberty interest in the processing of their appeals. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may either stand by the current complaint or file an amended complaint. If he stands by his complaint, I will recommend that it be dismissed for failure to state a claim. If he chooses to amend, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"

1   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiff must allege that each
2   defendant personally participated in the deprivation of his rights.  *See Jones*, 297 F.3d at 934.
3   Plaintiff should note that a short, concise statement in which the allegations are ordered
4   chronologically will help the court identify his claims.  Plaintiff should describe how each
5   defendant wronged him, the circumstances surrounding each of the claimed violations, and any
6   harm he suffered.

7       If plaintiff decides to file an amended complaint, the amended complaint will supersede
8   the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en
9   banc).  This means that the amended complaint must be complete on its face without reference to
10  the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the
11  current complaint no longer serves any function.  Therefore, in an amended complaint, as in an
12  original complaint, plaintiff must assert each claim and allege each defendant's involvement in
13  sufficient detail.  The amended complaint should be titled "Third Amended Complaint" and refer
14  to the appropriate case number.

15      Accordingly, it is ORDERED that

16      1. Within sixty days from the service of this order, plaintiff must either file a
17  Third Amended Complaint or advise the court he wishes stand by his current complaint.

18      2. Failure to comply with this order may result in the dismissal of this action.

19      3. The clerk's office is directed to send plaintiff a complaint form.

20
21  IT IS SO ORDERED.

22
23  Dated:    December 11, 2020                _____
                                                                  JEREMY D. PETERSON
24                                                                   UNITED STATES MAGISTRATE JUDGE

25
26
27
28