UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>              Plaintiff,<br><br>     v.<br><br>LAURA ELDRIDGE, *et al.*,<br><br>              Defendants. | Case No. 2:20-cv-01061-JDP (PC)<br><br>ORDER THAT THE CLERK'S OFFICE ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S CLAIMS AGAINST DEFENDANTS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4 BE DISMISSED AND THE MATTER BE REFERRED BACK TO ME FOR SERVICE OF DEFENDANT FLORES<br><br>ECF No. 16 |

Plaintiff Shaun Darnell Garland is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendants Flores and Does 1-4, correctional officers all, violated his First Amendment rights by retaliating against him for filing a lawsuit. ECF No. 16 at 10. I find, for the reasons stated below, that plaintiff has stated a cognizable claim against defendant Flores. I also find, however, that he has not stated a viable claim against any of the four "Doe" defendants. I will recommend that these defendants be dismissed and that the matter be referred back to me so that I may order that Flores be served.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).
14     The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21                                          **Analysis**

22     Plaintiff alleges that, in 2011, he filed a civil complaint against the California
23 Correctional Peace Officer Association.  ECF No. 16 at 10.  Flores then began retaliating against
24 him.  *Id.*  In 2018, plaintiff's mother came to visit him in prison.  *Id.*  He alleges that Flores
25 restricted his visitation time and made it obvious that all conversation between plaintiff and his
26 mother was being recorded.  *Id.*  Plaintiff alleges that John Does 1 and 2 were responsible, on
27 Flores's orders, for restricting visitation time.  *Id.*  He alleges that John Does 3 and 4 were
28 ordered by Flores to surveil and record plaintiff's conversation with his mother.  *Id.*  These

allegations state a First Amendment retaliation claim against Flores. They do not, however, state a retaliation claim against any of the Doe defendants. Plaintiff does not allege that any of the "Doe" officers knew about his 2011 complaint or that they understood Flores's orders to be retaliatory. Absence such allegations, the "Doe" officers cannot be said to have retaliated against plaintiff because of his protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Given that this is plaintiff's third amended complaint, I find that further opportunity to amend is unwarranted.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4 be DISMISSED. If this recommendation is adopted, the matter should be referred back to me so that I may initiate service on defendant Flores.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   April 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE