UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>C. FLORES,<br><br>   Defendant. | No.  2:20-cv-01061-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 40, 60) |

Plaintiff Shaun Darnell Garland is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 15, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 40) be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required.  (Doc. No. 60.)  Specifically, the magistrate judge first rejected defendant's argument that the administrative grievances filed by plaintiff concerning his June 3, 2018 prison visit with his mother did not sufficiently identify defendant Flores despite reference therein to a property officer at California State Prison – Los Angeles.  (Doc. 60 at 6, n.3.)  However, the magistrate judge also concluded that plaintiff's administrative grievance submitted on July 19, 2018 (referred to as "2336-July 19") failed to properly exhaust the retaliation claim brought by plaintiff

1

against defendant Flores in this civil action because nowhere in that inmate grievance did plaintiff suggest in any way that defendant had acted in retaliation for plaintiff's engagement in the protected conduct of filing a lawsuit. (*Id.* at 6–7.)[1] The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 8.) On June 26, 2023, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 63.) The following day, plaintiff filed supplemental objections. (Doc. No. 64.)[2] On July 11, 2023, defendants filed a response to plaintiff's objections. (Doc. No. 65.)

    Plaintiff's objections and supplemental objections appear to present the same substantive objection to the pending findings and recommendations, with the supplement doing so in more specific detail. In short, plaintiff argues that the findings and recommendations should be rejected because he exhausted the administrative remedies that were available to him. In advancing this argument, plaintiff focuses on his contention that his administrative grievances regarding the June 3, 2018 prison visit which were filed on June 4, 2018 and June 18, 2018[3] were improperly screened out pursuant to what he claims was an "underground regulation" that attempted to force California prisoners to utilize the CDC form 22 before filing a CDC form 602

/////
/////
/////
/////

---

[1] In his sole claim asserted in this action, plaintiff alleges that defendant Flores, then a correctional officer at California State Prison – Los Angeles, ordered a correctional officer at the California Health Care Facility, where plaintiff was in custody, to shorten and record plaintiff's June 3, 2018 visit with his mother in retaliation for a lawsuit plaintiff had filed in 2011 against the California Peace Officers Association. (Doc. No. 16 at 10.)

[2] It is unclear whether plaintiff's objections or unauthorized supplemental objections were timely filed. The court nonetheless deems them to be timely filed and has considered both sets of objections.

[3] In his objections, plaintiff correctly points out a typographical error in the pending findings and recommendation that erroneously refers to this administrative grievance as having been submitted on June 18, 201<u>9</u>. (Doc. No. 63 at 3.)

inmate grievance, thus rendering administrative remedies unavailable to him.  (Doc. No. 64 at 2-5.)[4]

As defendant points out in his response to the objections, plaintiff has conceded that he did not refer to retaliation in his administrative grievances.  (Doc. No. 65) (citing Doc. No. 63 at 2).  As also noted by defendant, in his objections plaintiff now refers not to the First Amendment protected conduct that serves as the basis for his retaliation claim asserted in this case (his filing of a lawsuit in 2011) but rather to his and his now-deceased mother's purported First Amendment rights in connection with the prison visit.  (Doc. No. 65 at 2; *see also* Doc. Nos. 63 at 3; 64 at 5.)  Finally, and most importantly as defendant points out, a review of all of plaintiff's inmate grievances and appeals establishes that nowhere in any of his administrative submissions did plaintiff ever suggest that the actions about which he was complaining (the delay and shortening of his visit with his mother, the audio surveillance of that visit, and the mishandling of his inmate grievances) were actions taken against him in retaliation for his prior filing of a lawsuit.  (*See* Doc. No. 40-3 at 1-69.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections and defendant's response, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on May 15, 2023 (Doc. No. 60) are adopted in full;

2. Defendants' motion for summary judgment based upon plaintiff's failure to exhaust his administrative remedies, with respect to the retaliation claim presented in this action, prior to filing suit as required (Doc. No. 40) is granted;

---

[4] Plaintiff also contends that his June 3, 2018 visit with his then terminally ill mother was not shortened from two hours to one hour and fifty-nine minutes as defendant contends but rather was shortened to no more than one hour.  (Doc. No. 64 at 5–6.)  However, this factual detail is irrelevant to the conclusion reached herein that plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim prior to filing suit as is required.

3. This case is dismissed without prejudice; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 25, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

4