UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>          Plaintiff,<br><br>     v.<br><br>C. FLORES,<br><br>          Defendant. | Case No. 2:20-cv-1061-DAD-JDP (P)<br><br>ORDER |

      On July 16, 2025, the Court of Appeals issued a memorandum that denied plaintiff's appeal of the district court's order granting summary judgment against him. ECF No. 73. The Court of Appeals's mandate issued November 10, 2025. ECF No. 74. Plaintiff has now filed two motions: a motion to stay and a motion to recall the mandate. ECF Nos. 75 & 76. Plaintiff argues that a stay or recall is needed so that he can "prepare for a 'rehearing en banc [because] consideration by the full court is necessary to secure or maintain uniformity of the courts decisions.'" ECF No. 75 at 4.

      Federal Rule of Appellate Procedure 41(d) grants circuit courts the power to "stay the issuance of a mandate pending review by the Supreme Court." *See* Fed. R. App. P. 41(d)(2)(A) (instructing that a motion "to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court . . . must show that the certiorari petition would present a substantial question and that there is good cause for a stay"). Requests to stay a mandate are

generally addressed to the Court of Appeals. However, when a motion to stay enforcement of a judgment is addressed to the district court, courts consider, among other things, whether the party seeking the stay has demonstrated both "a reasonable probability of succeeding on the merits" and "irreparable injury absent a stay." *See Bricklayers Local 21 of Illinois Apprenticeship and Training Program v. Banner Restoration, Inc.*, 384 F.3d 911, 912 (7th Cir. 2004); *see also Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) ("To obtain a stay pending the filing and disposition of a petition for a writ of certiorari, an applicant must show (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay.").

Here, plaintiff has advanced no arguments demonstrating either his reasonable probability of succeeding on the merits or what irreparable injury he faces absent a stay. Without such a showing, plaintiff's motions must be denied.

Accordingly, it is hereby ORDERED that plaintiff's motions to stay and recall the Court of Appeals mandate, ECF Nos. 75 & 76, are DENIED.

IT IS SO ORDERED.

Dated:   December 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE